TRI-COUNTY MUTUAL TELEPHONE COMPANY, Appellant, v. BRIDGEWATER ELECTRIC POWER COMPANY, Respondent.

(File No. 4299.     Opinion filed May 1, 1918.)

1. Telegraphs and Telephones—Telephone Line, Power Plant Current, Obstruction of—Injunction Against—Complaint, Sufficiency—Statute—Remedy re Damages, Whether Exclusive.

A complaint by a telephone corporation, alleging construction and operation of its line along certain highways, that defendant power corporation constructed and completed a line of wire for transmission of electric current from its plant, along said highway without plaintiff's consent or knowledge, that it was so constructed that its operation would interfere with plaintiff's telephone line, that its wire crossed and recrossed the telephone line at points, paralleling same at certain places, thereby destroying use of plaintiff's line, in that the transmission of electric current over defendant's line affected plaintiff's line through becoming charged with electricity from defendant's line, causing noises and sounds rendering it impossible for plaintiff's patrons to use its line, to plaintiff's irreparable damage, that defendant refused plaintiff's

demand that it refrain from transmitting its current or reconstruct its line so as not to so interfere, states a cause of action for an injunction against defendant, as against the contention that no superior right springs from prior use of highways by a telephone company, in that both the telephone and the electric company have equal right to its use, and that there must be something in the nature of abuse of its franchise by defendant to entitle plaintiff to damages or injunctional relief; construing Laws 1913, Ch. 369, Sec. 1, providing that transmission of electricity for power purposes over lines on public highways shall not interfere with service of telephone or telegraph lines already constructed.

2.  Telegraphs and Telephones—Power Plant Current Obstructing Telephone Line—Complaint, Improper Construction, Operation, of Defendant Line, Whether Allegation Necessary?

In a suit by a telephone company to enjoin defendant electric power company from operating its line to the destruction of use of plaintiff's line by interference of electric currents, held, that, since defendant's right to erect and operate its transmission line is subordinate to plaintiff's prior rights, allegations that defendant's line was improperly constructed or operated are immaterial.

3.  Telegraphs and Telephones—Conflicting Electric Current Lines Over Highways—Injunction, Complaint, Exclusive Use of Ground for Circuit, Sufficiency of Allegations.

A complaint by a telephone company for an injunction against operation by defendant of its electric power current to the destruction of the use of plaintiff's line over the same highway, but containing no allegation of plaintiff's right to exclusive use of the ground for its return circuit, other than that the telephone line was properly constructed and used, states no fact from which such exclusive use or claim to the ground can be inferred upon demurrer to the complaint; since the court may not surmise as to the mode of its construction or use.

4.  Telegraphs and Telephones—Conflicting Electric Currents, Injunction Against—Priority of Operation as Prior Right—Statute, as Affecting.

Under Laws 1913, Ch. 369, Sec. 1, providing that transmission of electricity over public highways shall not interfere with service of telephone or telegraph lines already constructed thereon, held, that said proviso recognizes and adopts the rule of law that priority of time carries with it priority of right.

5.  Highways—Use of Electric Currents On, Conditions of Use—Legislative Authority.

The authority of the Legislature to prescribe conditions upon which the right to use public highways for erection of electric

transmission lines is granted, cannot be questioned; such conditions being binding upon those seeking to exercise the right given by the statute.

Appeal from Circuit Court, McCook County. Hon. JOSEPH W. JONES, Judge.

Action by the Tri-County Mutual Telephone Company, a corporation, against the Bridgewater Electric Power Company, a corporation, for an injunction against operation by defendant of its electric power transmission plant in interference with plaintiff's telephone line. From an order sustaining a demurrer to the complaint, plaintiff appeals. Reversed, and remanded for further proceedings.

*William R. Danforth,* and *George J. Danforth,* for Appellant.

*George E. Todd,* for Respondent.

(1) To point one of the opinion, Appellant cited: Edison Electric Light & Power Co. v. Merchant's Mfg. Electric Light, Heat & Power Company, (Pa.) 49 Atl. 766; 9 Ruling Case Law, page 1194; 15 Cyc. 469; Paris Electric Light & Railway Co. v. Southwestern Telegraph & Telephone Company, (Tex.) 27 S. W. 902.

Respondent cited: Lake Shore & M. S. R. Co., v. Chicago, Lake Shore, (Ind.) 92 N. E. 989; Eastern & S. A. Telegraph Company v. Cape Town Tramway Company, 2 British Ruling Cases, 114.

(2) To point two of the opinion, Respondent cited: Lake Shore & M. S. R. Co., v. Chicago, Lake Shore, (Ind.) 92 N. E. 989.

SMITH, J. Appeal from an order sustaining defendant's demurrer to appellant's complaint. The following is a sufficient statement of the facts stated in the complaint to present the questions upon this appeal:

The plaintiff, a South Dakota corporation, pursuant to, and in compliance with, the statutes of this state, in a proper manner constructed its telephone line upon and along certain highways in McCook county, and operated said line a number of years prior to September 1, 1915.

The defendant, a corporation likewise organized under the laws of this state, and being thereunto duly authorized, on or about September 1, 1915, commenced to erect and construct a line

of wire for the purpose of transmitting electric current from its power plant in the city of Bridgewater in McCook county to the town of Emery in Hanson county, and completed said line without plaintiff's consent, and without knowledge on the part of plaintiff that the said line was so constructed that its operation would cause interference with the telephone line of plaintiff; that said transmission line and wire extended along certain portions of the public highways occupied by plaintiff's telephone line, crossed said telephone line at certain points, and paralleled the same at certain places described; that the crossing and paralleling of plaintiff's line by said transmission line, and the operation of said transmission line, has destroyed and will continue to destroy absolutely the use of plaintiff's telephone line for the purpose for which it was constructed, in that, about May 29, 1916, the defendant commenced to transmit and ever since has continuously transmitted electric current over its said line; that plaintiff's telephone line is affected by the current so transmitted, through becoming partially charged with electricity from the defendant's line, causing noises and sounds which render it impossible for plaintiff's patrons to use its line, and entirely destroy the use thereof, causing plaintiff great and irreparable damage and rendering said telephone line wholly useless and of no value whatever; that plaintiff has demanded that defendant refrain from transmitting electric current over its said line, or that it so reconstruct its line as not to interfere with plaintiff's line, which request defendant has refused. Plaintiff alleges that it has no plain, speedy, or adequate remedy at law, and that the continuance of such acts on the part of defendant will result in a multiplicity of suits; that any damages which plaintiff might seek to collect will be difficult or impossible to ascertain, and would be largely speculative, and plaintiff therefore prays judgment that the defendant be perpetually restrained and enjoyed from transmitting electric current over its said line in any manner which will interfere with the use, maintenance, and operation of plaintiff's telephone line, and for other relief as may seem just and proper in the premises.

[1] Defendant demurred to the complaint upon two grounds. The demurrer was overruled as to the first and sustained as to the second ground, viz., that the complaint does not state facts

sufficient to constitute a cause of action. Chapter 369, Laws 1913, authorizes the construction and maintenance along the public highways of this state of wires and poles for the transmission of electricity. But section 1 of the act which grants this authority contains this proviso:

"Provided that such transmission line shall not interfere with the service of any telephone or telegraph lines already constructed on such highways."

Appellant's priority in time is admitted by the demurrer, but respondent contends that no superior right springs from the alleged prior use of highways by the plaintiff, in that both the telephone company and electric company have an equal right to the use of the highway, and that something more than damage incidental to the use of its line must appear, viz., something in the nature of an abuse of the franchise by the defendant to entitle the injured party to damages or injunctional relief.

[2] Appellant therefore contends that the complaint is defective in that it does not allege either that defendant's line is improperly constructed or operated. It is apparent, however, that if defendant's right to erect and operate its transmission line is subordinate to the prior right of plaintiff, such allegations would be wholly immaterial.

[3] Respondent also contends that the plaintiff claims rights under the allegations of the complaint, other than the rights protected by the proviso above quoted, viz. the right to the exclusive use of the ground or earth for its return circuit.

[4, 5] The complaint contains no allegations from which such use, or claim to such use, can be inferred. It alleges that the telephone line was properly constructed and used, and upon demurrer we are not called upon to surmise as to the mode of its construction or use. In most jurisdictions where this question has arisen the courts have held that priority in time carries with it priority of right, even in the absence of a statute expressly recognizing and protecting such right. Central Union Telephone Co. v. City of Conneaut, 167 Fed. 274, 93 C. C. A. 196; Western Union Telegraph Co. v. Los Angeles (C. C.) 76 Fed. 178; Western Union Telegraph Co. v. Guernsey Light Co., 46 Mo. App. 120; Edison Electric Light & Power Co. v. Merchants' & Manufacturers' Electric L., H. & P. Co., 200 Pa. 209, 49 Atl. 766, 86

Am. St. Rep. 712; Paris Electric L. & R. Co. v. S. W. Telegraph & Telephone Co. (Tex. Civ. App.) 27 S. W. 902; 9 R. C. L. p. 1194, § 9; 15 Cyc. 469; Bell Telephone Co. v. Belleville Elec. Light Co., 12 Ont. (Can.) 571; Nebraska Telephone Co. v. York Gas & Elec. Co., 27 Neb. 284, 43 N. W. 126. The proviso contained in section 1, c. 369, Laws 1913, above quoted, is a clear recognition and adoption of the rule announced in these decisions. Section 1 of the act expressly declares that the right to erect and maintain poles and wires for the transmission of electricity for lighting and power purposes along any public highway is subject to the conditions named in the act, and to such further reasonable regulations as the Legislature may hereafter prescribe. The act further declares that the grantee shall not in any case have the exclusive right to use such highway for the conducting of electricity. It also specifies certain things with reference to the mode of construction of such transmission lines, and the duty to keep the same in repair, and declares that any person, firm, or corporation having received such grant who fails to comply with the provisions of the act shall be punished by fine. The authority of the Legislature to prescribe conditions upon which the right to use the public highway for the erection of transmission lines is granted cannot be questioned, and such conditions are binding upon those who seek to exercise the right tendered by the statute.

Respondent's contention that appellant's remedy lies in an action for damages for the injury and not through injunctional relief cannot be sustained. The cases above referred to and many others which might be cited clearly sustain the right to such relief. It follows that the order of the trial court must be reversed, and the cause remanded for further proceedings according to law.